UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERLYN SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO:   23-7374** |
| **WINN-DIXIE STORES, INC. AND WINN-DIXIE MONTGOMERY, LLC REAL ESTATE HOLDINGS, LLC** | **SECTION: "P" (4)** |

## ORDER

Before the Court is Plaintiff's **Motion to Compel (R. Doc. 43)**, seeking to compel Defendant Coca-Cola Bottling Company United-Gulf Coast, LLC ("Coca-Cola") to produce deposition dates for its employee, Marley Cousin. The Motion is Opposed. R. Doc. 44.

Plaintiff also filed a **Motion to Extend Discovery Cut-Off (R. Doc. 42)**, seeking to extend the discovery deadline for the sole purpose of completing the deposition of Marley Cousin. The Motion was referred to the undersigned on February 18, 2025. R. Doc. 48. Due to the relatedness of the Motions, the Court will evaluate them in tandem.

### I.     Introduction

**A.  Factual Background**

Plaintiff Gerlyn Smith ("Smith") alleges that on May 8, 2023, she sustained serious injuries in a slip and fall accident while walking through the checkout line at a Winn-Dixie located at 9701 Chef Menteur Highway, New Orleans, Louisiana 70127. R. Doc. 1-3 at 1. Smith alleges that she slipped in water leaking from a cooler nearby register 4 which is owned and served by Coca-Cola Bottling Company United-Gulf Coast, LLC ("Coca-Cola"). R. Doc. 1-4 at 2. Smith therefore filed suit against Winn-Dixie Stores Inc., Winn-Dixie Montgomery, LLC, and Coca Cola, raising a claim for negligence. R. Doc. 1-3 at 2-3. R. Doc. 1-4 at 2-3.

### B. Deposition of Cousin and its Timeliness

Smith filed two motions on January 29, 2025, seeking to: (1) compel Coca-Cola to produce deposition dates for Marley Cousin; and (2) extend the discovery deadline for the sole purpose of conducting this deposition. R. Doc. 42 at 1. R. Doc. 43 at 1. Smith asserts that her delay in seeking to depose Marley Cousin was due to Coca-Cola's five-month delay in scheduling corporate deposition which did not take place until January 7, 2025. Smith contends that her counsel immediately notified Coca-Cola that they wanted to depose Marley Cousin because she has relevant knowledge about the cooler at issue. R. Doc. 43 at 1-2. R. Doc. 42 at 1-2. Smith asserts that there is ample time to depose Marley Cousin before the trial on April 28, 2025.[1] Smith further contends that Cousin's deposition is necessary to ensure that she is not "ambushed" at trial. *Id*. R. Doc. 46.

Coca-Cola contends that Marley Cousin's identity and involvement in this matter has been discoverable since April 16, 2024, when Coca-Cola produced the service history of the cooler involved in this incident. R. Doc. 44 at 1-3. See R. Doc. 44-1. Coca-Cola contends that the service history includes a note from May 9, 2023, the day after the alleged accident, in which Marley Cousin reported that the cooler was leaking water. *Id.* Coca-Cola further contends that Marley Cousin's testimony is not important because their Michael Dunning its Rule 30(b)(6) representative and Khalil Thomas, a Coca-Cola merchandizer, have already provided deposition testimony regarding the cooler at issue including Coca-Cola's procedure for addressing issues with any of their coolers. *Id.*

---

[1] The trial date was rescheduled on February 10, 2025, to take place on August 18, 2025. R. doc. 36.

**II.     Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Pursuant to Rule 26(b)(2)(C), discovery, including depositions, may be limited if: (1) the depositions are unreasonably cumulative or duplicative, or the information is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking to depose has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed deposition outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(2)(c).

Under Fifth Circuit jurisprudence, when "a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Robinson v. Baker*, No. 19-12219, 2020 WL 13663855, at *2 (E.D. La. Aug. 7, 2020) (Roby, M.J.) (citations omitted). Under Rule 16(b), the Court's Scheduling Order "shall not be modified except upon a showing of good cause." FED. R. CIV. P. 16(b). *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). When evaluating whether the movant has shown good cause, the Court considers: "(1) the explanation for the failure to comply with the deadline, (2) the importance of the requested relief, (3) potential prejudice in allowing the relief and (4) the availability of a continuance to cure such prejudice." *Frazier v. Danos and Curole Marine Contractors, L.L.C.*, No. 02-501, 2003 WL

3

23112347, at *1 (E.D. La. Dec. 17, 2003) (Wilkinson, M.J.) (citing *S & W Enters., L.L.C.,* 315 F.3d at 536).

### III. Analysis

The discovery deadline in this case was on January 16, 2025, and the subject motion was not filed until January 29, 2025, thirteen (13) days after the deadline. Despite the untimeliness of the motion, Smith filed the subject motions seeking to: (1) compel Coca-Cola to produce Marley Cousin for deposition; and (2) extend the discovery deadline for the sole purpose of conducting this deposition. R. Doc. 42. R. Doc. 43.

Smith alleges that her difficulty in filing the motions was due to Coca-Cola's delay in producing their witnesses for the Rule 30(b)(6) deposition. Smith contends that Coca-Cola delayed its corporate deposition for five months and as a result, she was not aware of Marley Cousin's involvement in this matter until then. R. Doc. 42 at 1-2. R. Doc. 43 at 1-2. Smith further alleges that there is good cause to allow the extension, because there is ample time to conduct the deposition before trial on April 28, 2025. Smith contends that if the out of time deposition is not allowed that she would be prejudiced if she cannot determine Marley Cousin's knowledge of the leaky cooler before trial. *Id*.

Coca-Cola contends that (1) the deposition is not necessary because there is no dispute that she saw and a reported the leak in August 2022 and (2) that Smith had possession of the Cooler's service history which contained Cousin's identity since April 16, 2024. Coca-Cola further contends that whether Cousin's saw the alleged leak in person or was informed by phone does not affect Coca-Cola's procedure for addressing leaky coolers. *Id*.

To conduct discovery beyond the deadline set by this Court, Smith must show good cause to amend the Court's Scheduling Order. *Frazier*, No. 02-501 at *1. Therefore, the Court must

4

evaluate: (1) Smith's explanation for her failure to comply with the deadline, (2) the importance of the requested deposition, (3) potential prejudice in allowing the deposition and (4) the availability of a continuance to cure such prejudice. *Id*.

Fifth Circuit jurisprudence provides that the Court has discretion to "allow out-of-time depositions of late-disclosed witnesses." Robinson, No. 19-12219 at *3-4 (citing Automotive Rentals, Inc. v. Keith Huber, Inc., No. 10-385, 2011 WL 13107403, at *2 (S.D. Miss. Sept. 7, 2011) (Walker, M.J.)). In Robinson v. Baker, the Court found that the plaintiff could not have deposed the defendant's material fact witness within the discovery deadline because the defendant failed to disclose the witness's name until two days before the deadline. Id. Therefore, the Court granted the plaintiff's request to depose the witness outside the discovery deadline. Id.

Regarding the explanation for her delay, Smith is adamant that her failure to comply with the discovery deadline was caused by Coca-Cola's delay cooperating in the scheduling of its 30(b)(6) deposition. R. Doc. 42 at 1-2. R. Doc. 43 at 1-2. Smith indicates that her first request to depose Marley Cousin was made on January 7, 2025, immediately following Coca-Cola's Rule 30(b)(6) deposition the Coca-Cola's deposition finally took place after its counsel delayed it due to the holidays. *Id*. Smith further alleges that they were not aware of the need to depose Marley Cousin until the Rule 30(b)(6) deposition, and that Coca-Cola refused to provide deposition dates prior to the discovery deadline. *Id.*

In this case, the record shows that Coca-Cola produced records showing Marley Cousin's reported the leak of the subject cooler on April 16, 2024. See R. Doc. 44-1. Given that Smith was provided records identifying Cousin almost nine months before the Rule 30(b)(6) deposition on January 7, 2025, Coca-Cola's delay in scheduling its corporate deposition is unrelated to the plaintiff's failure to timely depose Ms. Cousin. The service history confirms that Cousin reported

5

the leak on August 9, 2022. Further, contrary to Smith's current representations, she was aware of Marley Cousin as early as December 17, 2024, and included her on her witness list. R. Doc. 27 at 2. Therefore, this factor weighs against granting leave to allow the deposition.

Regarding the importance the deposition, Marley Cousin has been identified as a fact witness for each of the parties in this matter. R. Doc. 27 at 2. R. Doc. 28 at 1. R. Doc. 30 at 1. In this case, Coca-Cola has already provided deposition testimony from a Rule 30(b)(6) representative and Khalil Thomas, a merchandiser responsible for making sure that the coolers are stocked and maintained to Coca-Cola's standards. R. Doc. 44 at 2. According to Khalil Thomas, he did not see any leaks in the cooler at issue on the day of Smith's accident, May 8, 2023. *Id*.

To the extent Marley Cousin's testimony is important, it highlights the need for Smith to have complied with the Court's deadlines or file a timely request for an extension. See *U.S. v. St. Bernard Parish,* No. 12-321, 2013 WL 209025, at *1 (E.D. La. Jan. 17, 2015) (Berrigan, H.) (denying a defendant's motion to extend discovery on the basis that the defendant had notice of the need to depose important fact witnesses before the discovery deadline yet failed to do so). Instead, Smith waited until the final days of discovery to seek to depose Marley Cousin, nine months after Coca-Cola provided records identifying her. Further, while the corporate deposition occurred on January 7, 2025, Smith waited until some 22 days later to file the subject motion despite the glaring failure on Coca Cola's counsel  part to respond to her request for a deposition as early as January  7th & 10th, 2025. R. doc. 43-6, 43-7.

Regarding the prejudice factor, Smith contends that not granting her request to depose Cousins could be prejudicial because she could be "ambushed at trial. R. Doc. 43. Upon review, the pretrial conference is set for July 30, 2025, with trial scheduled for August 18, 2025. R. Doc.

46. Therefore, the Court finds that reopening discovery for the limited purpose of deposing Marley Cousin does not pose significant prejudice to Coca-Cola.

However, the Court has already continued the pre-trial conference and trial dates twice: once on January 21, 2025, and again on February 10, 2025, after the subject Motions were filed. R. Doc. 36. R. Doc. 46. Therein, the Court was clear that "all lapsed deadlines remain lapsed[.]" *Id*. Furthermore, the trial in this matter has been scheduled on four different occasions.

Under these facts, the Court finds that Plaintiff has not shown that the discovery deadline could not have been met despite their diligence. *S & W Enterprises, LLC,* 315 F.3d at 535 (citations omitted). Additionally, Smith has failed to identify any Notice of Deposition was ever issued for Marley Cousin deposition.

Federal Rule of Civil Procedure 30(b)(1) provides "[a] party who wants to depose a person by oral examination must give reasonable written notice to every other party." FED. R. CIV. PRO. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Smith does not explain why a formal notice of deposition could not have been issued between January 7, 2025, and the January 16, 2025, discovery deadline. R. Doc. 23 at 2. Instead, Smith seeks to rely upon the informal correspondence of counsel, which fails to comply with the FRCP 30(b) requiring that a deposition be noticed. *See* R. Doc. 43-3 *et seq*. Good cause therefore has not been shown and Smith's request to compel Coca-Cola to produce Marley Cousin for deposition and extend the discovery deadline to conduct this deposition is DENIED.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Extend Discovery Cut-Off (R. Doc. 42) and Motion to Compel ( R. Doc. 43) are DENIED.**

New Orleans, Louisiana, this 5th day of March 2025.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**